UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　Plaintiff,<br><br>V.<br><br>AARON ANTONIO EVANS,<br>　　Defendant. | CRIMINAL NO. 5:19-46-KKC-1<br><br><br>**OPINION AND ORDER** |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on a letter by defendant Aaron Antonio Evans (DE 47), which he has styled as a Motion for Reconsideration of his previous motion (DE 39) for compassionate release. The Court denied Defendant's previous motion for compassionate release on February 17, 2021. (DE 42.) Because a Motion for Reconsideration would be untimely,[1] the Court will construe Defendant's letter as a new motion for compassionate release under 18 U.S.C. 3582(c)(1)(A).

Evans is currently serving a 60-month sentence after pleading guilty to a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute 10 grams or more of a substance containing a detectable amount of acetylfentanyl. (DE 31.) He is scheduled for release on June 1, 2023.

The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

---

[1] *See United States v. Wooley*, No. 16-3925, 2017 WL 3613318, at \*2 (6th Cir. 2017) (citing Fed. R. App. P. 4(b)(1)(A); *United States v. Brown*, 817 F.3d 486, 488 (6th Cir. 2016); *United States v. Randall*, 666 F.3d 1238, 1243 (10th Cir. 2011)) (noting that a motion for reconsideration of a § 3582(c) motion must be made no later than fourteen days after the challenged order is entered, the same timeframe to appeal such an order).

defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018).

The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting relief. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id*. at 834. This is because the statute says that a "court may not" grant compassionate release unless the defendant files his motion after one of the two events has occurred. *Id*. Further, the Sixth Circuit ruled that this Court cannot find exceptions to the mandatory condition. *Id*. ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions.")

In its response to Evans' motion, the government argues that the Court cannot grant compassionate release in this case because Evans has failed to meet either requirement of the mandatory condition. This is a proper invocation of the mandatory condition. *Id*. (finding no waiver or forfeiture of the mandatory condition where the government timely objected to defendant's "failure to exhaust.") The next issue then is whether Evans has met the mandatory condition to this Court's ability to grant him compassionate release.

As to this new motion for compassionate release, Evans has not presented any evidence that he "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." 18 U.S.C. § 3582(c)(1)(A). Additionally, as to the alternative method of meeting the mandatory condition, Evans has not presented any evidence that he has submitted a request for compassionate release to the warden of the facility where he is incarcerated.

Accordingly, the Court hereby ORDERS that Evans' motion for compassionate release (DE 47) is DENIED without prejudice.

This 6th day of October, 2021.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY