**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL NO. 5:19-46-KKC-1** |
| **Plaintiff,** | |
| **v.** | **OPINION AND ORDER** |
| **AARON ANTONIO EVANS,** | |
| **Defendant.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on a letter from defendant Aaron Antonio Evans, which he has styled as a motion to reduce his sentence. (DE 51). For the following reasons, the Court will DENY the motion.

Evans is currently serving a 60-month sentence after pleading guilty to possession with intent to distribute fentanyl. (DE 31). He is scheduled to be released on June 1, 2023. The Court previously denied Evans' motion for compassionate release because he had not presented any evidence that he fully exhausted his administrative rights before filing his motion. (DE 50). Evans has now written a letter asking the Court to reduce his sentence. (DE 51). As grounds for his motion, Evans states that he is eligible for release pursuant to uncredited First Step Act credits. He claims that pursuant to the new Bureau of Prisons rule regarding FSA credits and detainers, he is now eligible for credits and thus early release.

Evans does not state any specific rule or statute under which the Court could grant the relief he seeks. A district court's authority to amend a criminal judgment is limited. First, there is Federal Rule of Criminal Procedure 35(a), which provides that "within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." This is

inapplicable here. Second, there is § 3582(c)(1)(B), which permits the Court to modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. 18 U.S.C. § 3582(c)(1)(B).  Only two statutory provisions permit such a modification: 28 U.S.C. §§ 2106 and 2255. *United States v. Zabawa*, 134 F. App'x 60, 67 (6th Cir. 2005).  Evans does not cite either of those statutes in his motion.

That leaves § 3582(c)(1)(A)—compassionate release. A motion to reduce a sentence must be filed by either the Director of the Bureau of Prisons or the defendant—but only after he has exhausted his administrative rights to appeal the BOP's failure to bring the motion.  Here, there is no evidence that Evans has requested that the BOP file a motion on his behalf or that he has exhausted the BOP's administrative appeals process.

Further, the Court is without jurisdiction to apply any credits to his sentence. *United States v. Haddix*, Criminal Action No. 5:07-137-DCR, 2022 WL 13888446, at *2 (E.D. Ky. Oct. 17, 2022). "The BOP, rather than the Court, is responsible for applying any credit to a defendant's sentence." *Id.* Moreover, a motion for compassionate release is not the proper vehicle for disputing earned time credits. *United States v. Girod*, Criminal Action No. 5:15-087-DCR, 2020 WL 1931242, at *3 (E.D. Ky. Apr. 21, 2020).

Accordingly, the Court hereby ORDERS that Evans' motion for a sentence reduction (DE 51) is DENIED.

This 24th day of April, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY